IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.    CRIMINAL NO. 2:16-CR-10-KS-MTP

**DOUGLAS CHAUNCEY WILLIAMS**

### ORDER

For the reasons provided below, the Court **denies** Defendant's Motion to Vacate [78], Motion to Reduce Sentence [79], Motion for Compassionate Release [81], and Supplemental Motion for Compassionate Release [84].

### A.  *Motion to Vacate Conviction & Sentence [78]*

First, Defendant filed a Motion to Vacate [78] his conviction and sentence for various reasons that the Court need not address here. This was his second such motion. The Court denied his first Motion to Vacate [56] under 28 U.S.C. § 2255 in an opinion [64] entered on November 20, 2018. In the second Motion to Vacate [78], Defendant seeks relief under FED. R. CIV. P. 60(b). The Rules of Civil Procedure do "not provide relief from a judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). Rather, "[a] criminal conviction can be attacked by motion under 28 U.S.C. § 2255," as Defendant did in his first Motion to Vacate [56]. *Id.* Accordingly, the Court construes the second Motion to Vacate [78] as a second or successive petition under § 2255.

"A second or successive habeas application must meet strict procedural

requirements before a district court can properly reach the merits of the application." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). First, the Court of Appeals must "grant the prisoner permission to file a second or successive motion . . . ." *Id.* "Second, the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* Defendant has not satisfied either of these requirements. Therefore, the Court denies his second Motion to Vacate [78].

**B.**     ***Motions for Compassionate Release/Reduction in Sentence [79, 81, 84]***

On October 12, 2016, Defendant plead guilty to possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On December 19, 2016, the Court sentenced him to 210 months of imprisonment followed by five years of supervised release. In November 2019, Defendant filed a Motion for Compassionate Release or Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1), citing certain health issues from which he allegedly suffered. In April 2020, he filed an Emergency Motion to Modify the Imposed Term of Imprisonment [81], citing the same health concerns and the risk presented by the COVID-19 pandemic. Finally, on May 6, 2020 – at which time Defendant had served less than a quarter of his sentence – his attorney filed an Emergency Supplemental Motion for Compassionate Release [84] on the same basis. The Government opposes the motions. The Court will consider all three motions in tandem.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after

considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-

3

      care within the environment of a correctional facility and from which he
      or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C). However, "compassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

      Defendant contends that there is an extraordinary and compelling reason to release him from custody, *see* 18 U.S.C. § 3582(c)(1)(A), because he suffers from a "terminal illness." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Defendant also contends that he suffers from "a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii).

      The Sentencing Commission defined a "terminal illness" as "a serious and advanced illness with an end of life trajectory," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.*; *see also United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (stage IV prostate cancer with a 60-month life expectancy was a "terminal illness). "A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required." U.S. SENTENCING GUIDELINES MANUAL

§ 1B1.13 cmt. n. 1(A)(i).

Defendant argues that his congestive heart failure, hypertension, hyperlipidemia, and cor pulmonale constitute "terminal illnesses," because they will get worse with time. By that standard, however, any number of treatable health conditions would constitute a "terminal illness," and Defendant assumes that he will not receive any treatment. His medical records belie that assumption. Defendant has, in fact, received medical treatment while imprisoned, albeit arguably not to the standard he would prefer.

Moreover, the Court is unconvinced that Defendant's health issues are as severe as he makes them out to be. First, although Defendant repeatedly asserted in briefing that he requires a heart and lung transplant or he will not live more than a year, he failed to cite any medical records in support of the assertion. In briefing, counsel cites to Defendant's own pro se motion in support of this claim. *See* Emergency Supplemental Motion for Compassionate Release at 7, 17, 21, *United States v. Williams*, No. 2:16-CR-10-KS-MTP (S.D. Miss. May 6, 2020), ECF No. 84. Hyperlipidemia, listed as one of Defendant's medical conditions, is just high cholesterol. The Court also notes that counsel repeatedly cited to documents from the internet regarding the alleged severity of Defendant's conditions and his prognosis, rather than statements from his actual medical providers.

In summary, the Court agrees that Defendant has medical conditions that require treatment, and that, if left untreated, they could be terminal. But Defendant

5

has not demonstrated that he is unable to receive treatment while incarcerated, and the Court believes that Defendant has exaggerated the severity of his medical conditions. Accordingly, the Court finds that Defendant does not have a "terminal illness," as the term is used in the Sentencing Guidelines.[1] Moreover, the Court finds that Defendant does not have a serious medical condition that substantially impedes his ability to provide self-care in a correctional institution.[2] Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements.[3]

---

[1] *See United States v. Mata*, 2020 WL 3619537, at *2 (S.D.N.Y. July 2, 2020) (defendant with hypertension, cardiovascular disease, inflammation of lungs, epididymitis, dysphagia, and other conditions did not have terminal illness); *United States v. McDonald*, 2020 WL 3638280, at *4 (D.N.J. July 2, 2020) (defendant with malignant hypertension that caused strokes did not have a terminal illness); *United States v. Israel*, 2020 WL 3893987, at *9-*10 (S.D. Fla. July 10, 2020) (defendant with myocardial ischemia and underwent open heart surgery did not have a terminal illness).

[2] *See, e.g. United States v. Lynn*, 2019 WL 3082202 (S.D. Ala. July 15, 2019) (defendant with chronic kidney disease, atrial fibrillation, coronary disease, hyperlipidemia, and other issues did not constitute serious medical issues that impeded defendant's ability to care for himself); *United States v. Bunnell*, 2019 WL 6114599 (D. Ariz. Nov. 18, 2019) (defendant with degenerative disc disease who was confined to wheelchair did not have diminished ability to provide self-care); *United States v. Green*, 2020 WL 3642860, at *4 (W.D. Penn. July 6, 2020) (defendant with high blood pressure and mitral valve prolapse did not have a medical condition that substantially diminished his ability to provide self-care); *McDonald*, 2020 WL 3638280 at *5 (defendant with malignant hypertension that caused strokes did not have a serious medical condition that impeded ability to self-care); *United States v. Israel*, 2020 WL 3893987, at *9-*10 (S.D. Fla. July 10, 2020) (defendant with myocardial ischemia and underwent open heart surgery did not qualify for compassionate release).

[3] *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3.

Defendant also contends that he is at high-risk of illness or death from COVID-19 because of his preexisting health conditions. He argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility. The Court finds that these concerns do not constitute extraordinary and compelling reasons to reduce Defendant's sentence. "Preexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish" grounds for compassionate release. *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020). Likewise, "general concerns about possible exposure to COVID-19" are not sufficient. *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

Finally, the Court also finds that Defendant has not demonstrated that he would not be a danger to the safety of any other person or to the community if released, in light of his pattern of criminal conduct. According to Defendant's presentence report [33], he was a known methamphetamine supplier in Jefferson Davis County, Mississippi. Investigators observed Defendant conduct drug transactions. While under surveillance, Defendant bragged to a buyer that he sold up to a pound of methamphetamine per day, and agents received information indicating

7

that Defendant had been operating for approximately two years. Additionally, Defendant has a prior conviction for felony shoplifting in Madison County, Mississippi, and prior arrests for robbery and possession of a controlled substance. At the time of sentencing, separate charges of possession of a controlled substance were pending in state court.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). As noted above, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. For all the reasons provided above, the Court **denies** Defendant's Motion to Vacate [78], Motion to Reduce Sentence [79], Motion for Compassionate Release [81], and Supplemental Motion for Compassionate Release [84].

SO ORDERED AND ADJUDGED this 22nd day of July, 2020.

/s/     Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE